O'CONOR v. SUNSERI.

(Circuit Court of Appeals, Third Circuit. February 13, 1911.)

No. 1,451.

BANKRUPTCY (§ 274*)—TRUSTEE—FINAL ACCOUNT—FAILURE TO FILE—CONTEMPT—REVIEW.

A bankrupt's trustee having failed to file his final account pursuant to an order requiring him to do so, the court on October 27, 1910, ordered that unless he filed his final account on or before November 15, 1910, at 10 o'clock a. m., he should then be committed to jail until he filed the same. On November 14, 1910, the trustee obtained the allowance of a petition to revise the order so made. *Held*, that the order must be considered as of the date of the allowance of the petition, and, not being erroneous in so far as it required the filing of the account, and not being a final judgment of commitment prior to the expiration of the time allowed for filing the account, it would be dismissed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 274.*]

Petition to Revise Order of the District Court of the United States for the Western District of Pennsylvania.

In the matter of bankruptcy proceedings of Salvatore Sunseri. On petition to revise an order requiring C. P. O'Conor, as the bankrupt's trustee, to file his final account in the office of the referee on or before November 15, 1910, at 10 o'clock a. m., on pain of being committed to jail for contempt. Dismissed.

C. P. O'Conor, in pro. per.

Edward B. Vaill, for respondent.

Before GRAY and LANNING, Circuit Judges, and HOLLAND, District Judge.

LANNING, Circuit Judge. The petitioner, C. P. O'Conor, is the trustee of the bankrupt estate of A. Sunseri. He is also a member of the bar, and argued his own case in this court. He ought to know, and we think does know, the nature of the relation which a trustee in bankruptcy bears to the court whose officer he is. On October 20, 1909, a rule was served on him to show cause before the referee in bankruptcy on October 30th why he should not file his final account as trustee. On the return of the rule he filed his answer, setting up voidable preferences by the bankrupt to relatives; that he was unwilling to incur the expense of suits to recover the alleged preferences, unless the principal creditors would agree to become responsible for the costs of the litigation; that he had communicated with the creditors, and was awaiting their answers; and that the petition on which the rule had been granted was filed on behalf of the petitioner, by one who had been the attorney of the bankrupt and of creditors who were relatives of the bankrupt. A hearing was thereupon had, and the referee, on October 30th, made an order "that the said trustee file his final account in this estate within 10 days from service hereof." A copy of the order was served on him November 2, 1909. Having given no attention to it, the referee, on December 9th, certified the proceedings to the District Court for such action as that court might deem proper. On a

subsequent hearing before the court, it, on February 7, 1910, affirmed the order of the referee. No account having been filed by September 9, 1910, the court, on the petition of Salvatore Sunseri, a creditor of the bankrupt (who had received his discharge in bankruptcy in September, 1909), granted a rule requiring the trustee to show cause on September 24, 1910, why he should not be attached for contempt. On the return day of the rule O'Conor filed this answer:

"That the order made by the referee, William R. Blair, in this case, is not a lawful order; that the allegations of fact in the answer of respondent to the original petition for rule to show cause why he should not file a final account have not been denied, and are admitted as facts upon the record; that without the taking of any testimony the original order of the referee was made immediately upon the return day, and without any hearing, and in the absence of respondent from the city of Pittsburg; that the estate of the said bankrupt is not administered; that the hearing before this court upon the certification of the papers by the referee was without notice to respondent or his counsel, and that said order of the referee was confirmed without hearing respondent or his counsel; that the said order of the referee was in plain violation of the provisions of the bankruptcy act, which make it the duty of the trustee under section 47a (8) to 'make final reports and file final accounts with the court fifteen days before the day fixed for the final meeting of the creditors.' "

The contempt matter was thereupon heard by the District Court on the petition and answer. Concerning the answer the court, in its opinion, says:

"The averments in said answer with respect to want of notice to the respondent of the proceedings are directly contradicted by the records, and are directly contradictory to proofs of service on file among the records of this court. The respondent personally appeared before this court in his own behalf at the argument of the rule. From a consideration of his argument, and of the condition of the record, we are of opinion that the averments of fact in the answer are so evasive and uncertain that they are not sufficient of themselves to cause this court to discharge the rule."

The court thereupon, on October 27, 1910, ordered:

"That unless C. P. O'Conor file his final account as trustee in this estate in the office of William R. Blair, Esq., referee, on or before November 15, 1910, at 10 o'clock a. m., he shall then be committed to the common jail of Allegheny county, in this district, until he shall so file the same."

The above recital of facts shows that O'Conor held up the final settlement of this estate, in spite of the orders of the referee and the District Court, for more than a year before the date of the last order. After carefully reviewing the facts in its opinion above referred to, the court concluded as follows:

"Whether the disobedience of those orders by the respondent has been due to a mistaken, but honest, belief in the correctness of his position, or has been due to a willful disregard of his duty toward the court and of the trust reposed in him, may not at this late day be doubtful. But, lest the court may be mistaken in respect to respondent's motives, the court will give him until the 15th day of November next, at 10 o'clock a. m., in which to file in the office of William R. Blair, referee, his final account as trustee of said bankrupt, in default of which he shall then be committed to the jail of Allegheny county, at Pittsburg, in this district, until he shall so file the same."

On that opinion, the above-mentioned order of October 27, 1910, was made. The record discloses to us no excuse for the trustee's disobedience of the court's orders.

But we are not dealing with an order which adjudges him guilty of contempt. The case has been brought to this court, and argued here, as if it were a contempt case. It is not. The order of which the trustee complains required him to file his final account on or before November 15, 1910. He was not adjudged guilty of contemning the authority of the court by reason of any disobedience of former orders, and he could not be adjudged guilty of contemning its authority by reason of any disobedience of the order of October 27th before November 15th. This petition to revise was allowed on November 14th. We must therefore deal with the case as of that date. The order, in so far as it requires a final account to be filed, is not erroneous. In so far as it relates to a commitment to jail, it is not to be presumed that the court intended to issue a commitment before judgment of contempt should have been pronounced.

As the errors complained of are all based on the supposition that the petitioner was adjudged guilty of contempt, and as the record discloses no such judgment, the petition to revise must be dismissed, with costs against the petitioner. The record will be remanded forthwith, to the end that there may be no further delay in the proceedings designed to compel the trustee to perform his plain duty.